IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Sean Lamont Dudley,<br>Petitioner, | )<br>)<br>) |
| v. | )     1:16cv684 (TSE/JFA) |
| | ) |
| Warden, FCC Petersburg,<br>Respondent. | )<br>) |

<u>MEMORANDUM OPINION AND ORDER</u>

Sean Lamont Dudley, a federal inmate housed in the Eastern District of Virginia and proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking vacation of his conviction of conspiracy to possess with intent to distribute and aiding and abetting the possession with intent to distribute entered on a plea of guilty in the United States District Court for the Western District of North Carolina. <u>United States v. Dudley</u>, Case No. 5:97CR1-RLV. Petitioner has neither paid the statutory filing fee for this action nor applied to proceed <u>in forma pauperis</u>. For the reasons that follow, this petition must be construed as a successive motion to vacate pursuant to 28 U.S.C. § 2255 and dismissed, without prejudice to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing the sentencing court to consider the petition.

I.

Review of the docket of Case No. 5:97CR1-RLV, which is available through the court's PACER system, reveals the following facts. On July 11, 1997, Dudley entered "straight-up" guilty pleas to violations of 21 U.S.C. §§846 and 841 and 18 U.S.C. §2. Over objection, he was sentenced as a career criminal to a term of 360 months imprisonment. The conviction and sentence were upheld on direct appeal. <u>United States v. Dudley</u>, R. No. 98-4166 (4th Cir. Oct.

29, 1998) (unpublished).

On September 27, 1999, Dudley filed a motion to vacate pursuant to 28 U.S.C. §2255. The motion was denied and dismissed by an Order entered on March 27, 2002, and Dudley's appeal of that result also was dismissed. Dudley v. United States, R. No. 02-6735 (4th Cir. Sept. 23, 2002).

Dudley thereafter undertook an unusually active course of postconviction litigation. Among the numerous motions he filed were several which, although denominated as seeking various forms of relief, were dismissed as being in legal effect successive motions to vacate pursuant to §2255. Case No. 5:97CR1-RLV, DE ## 151, 158, 162, 164, 168, 171, 173, 175, 179, 183. The Fourth Circuit Court of Appeals dismissed Dudley's appeals of those orders. Id., DE##153, 165, 180.

In the instant case, Dudley argues that because he did not admit all of the essential elements of the charges against him, the judgment of conviction against him is void pursuant to Fed. R. Crim. P. 11(b)(3). Pet. at 6-8. Accordingly, he seeks an evidentiary hearing and ultimately the vacation of the convictions through the instant petition for a writ of habeas corpus pursuant to § 2241.

## II.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255."). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear

second or successive applications for § 2255 federal habeas corpus relief by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Now, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e).[1] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5. Nonetheless - and of particular importance here - the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted). Thus, a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §

---

[1] "This 'inadequate and ineffective' exception is known as 'the savings clause' to [the' limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671 at *3 (E.D. Va. Apr. 12, 2012) (quoting In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

3

> 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

In this case, petitioner cannot satisfy the Jones criteria; indeed, he makes no attempt to do so, and argues essentially only that his convictions were erroneous when entered. Therefore, because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241, and the instant application must be construed as a successive motion for relief under § 2255. As such, the motion may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the Fourth Circuit Court of Appeals. Because no such certification has been granted, this petition must be dismissed, without prejudice. Petitioner is advised that if such certification is granted, venue for his claim would lie in the sentencing court, the United States District Court for the Western District of North Carolina.[2]

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED WITHOUT PREJUDICE to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing the sentencing court to consider the petition.

---

[2]While an application for § 2241 habeas corpus relief should be filed in the district where the petitioner is confined, a motion to vacate under § 2255 must be filed with the sentencing court. In re Vial, 115 F.3d at 1194.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Failure to timely file a notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to enter final judgment in favor of respondent Eric Wilson, the Warden of FCC Petersburg, pursuant to Fed. R. Civ. P. 58, to close this civil action, and to send a copy of this Memorandum Opinion and Order and a standard § 2244 form to petitioner.

Entered this 21st day of June 2016.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge